IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HERBERT MATAIS
a/k/a Michael Howard Hunter                                                PETITIONER

V.                           No. 2:77-cv-02004

BILL KATHRYN, Sheriff                                                      RESPONDENT

REPORT AND RECOMMENDATION

Before the undersigned is the petitioner's Motion under Rule 60(b)(6) to set aside the dismissal of his Habeas Corpus Petition which was entered on January 6 1977.

### I. Background

It appears that the court received a letter from the Petitioner dated January 2, 1977 stating that he had been denied his constitutional rights. (See Exhibit 1) The District Judge at the time, Paul X. Williams, treated the letter as a habeas petition and ordered the Clerk to file it without the prepayment of a fee. (See Exhibit 2) On January 11, 1977 the Petitioner wrote another letter to the court and stated that he would be out of the Sebastian County Detention Center on January 14, 1977 and that he wanted to dismiss his habeas action. (See Exhibit 3) The court entered an order on January 13, 1977 dismissing the Petitioner's claim with prejudice. (See Exhibit 4)

The Petitioner now brings this motion under Rule 60 contending that he believed that the court had set a hearing on the habeas petition and the Petitioner contends that "the day before the hearing the petitioner was released from the county jail and told by Sheriff deputies that he had to immediately leave the State of Arkansans for five years and if he did not, Sheriff would arrest

-1-

him and drive him direct to Cummins Prison Farm". (Doc. 1, p.2) The court ordered the original file and received the file on October 14, 2009. It is clear from the court file that no hearing date was ever set and, as noted before, service was never authorized on the Respondent although the court did send a copy of the letter to Bill KATHRYN at the Sebastian County Courthouse.

## II. Discussion

The Federal Rules of Civil Procedure, Rule 60(b)(6), states that on motion and just terms, the court may relieve a party...from a final judgment, order or proceeding for five enumerated reasons, none of which are applicable here, and any other reason that justifies relief. Rule 60(c) requires that a motion under Rule 60(b) be made within a reasonable time. "[What constitutes 'reasonable time' under Rule 60(b)(6) depends on particular facts of case." *United States v. Five Thousand Dollars in U.S. Currency*, 184 F.3d 958, 960 (8th Cir.1999) (citing *Watkins v. Lentil*, 169 F.3d 540, 544 (8th Cir.1999)).

The Petitioner's **32 year** delay in filing his motion is unreasonable. See *Kellogg v. Stack*, 269 F.3d 100, 104 (2d Cir.2001) (holding that a 26-month delay was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932, 122 S.Ct. 1306, 152 L.Ed.2d 216 (2002); *Watkins v. Lentil*, 169 F.3d 540 at 544 (expressing "considerable trepidation" about whether a 17-month delay was reasonable, but ultimately finding that the issue was not properly before the court); *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374-75 (8th Cir.1993) (holding a three and one-half year delay was unreasonable). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866 at 871. In

this instance the motion to dismiss the habeas was filed before the Petitioner was released from custody. It appears that the Petitioner was release from custody on or about January 14, 1977 and remained and continues to remain at large and no exceptional circumstances exist for such an unreasonable delay.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion to vacate pursuant to Rule 60(b)(6) be **DENIED.**

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this October 15, 2009

/s/ **J. Marschewski**
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 15 2009
CHRIS R. JOHNSON, CLERK
BY          DEPUTY CLERK